FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 2 3 2006

DAVID J. MALAND, CLERK
BY
DEPUTY

# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 3:03CR13.8 |
| | § | (Judge Davis/Judge Bush) |
| JOEL CONWAY ROBINSON | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 2, 2006, to determine whether the Defendant violated his supervised release. The Defendant was represented by Wes Tidwell. The Government was represented by Sam Cantrell.

On May 4, 2005, the Defendant was sentenced by the Honorable United States District Judge Leonard Davis to 24 months imprisonment followed by a 3-year term of supervised release for the offense of Conspiracy to Manufacture, Distribute, Possess with Intent to Manufacture, Distribute, or Dispense Methamphetamine. On January 31, 2006, Defendant began his supervised release.

On August 28, 2006, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision. The petition asserted that the Defendant violated the following condition: That Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or

other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

The petition alleges Defendant committed the following act: The U.S. Probation Officer conducted unscheduled home visits on February 26, April 14, and June 25, 2006, at the residence of Mr. Robinson. During each visit, the officer viewed numerous empty beer and liquor containers both inside and outside the residence, thus leading the Officer to believe that the Defendant was drinking alcohol in excess.

Prior to the Government putting on its case, the Defendant entered a plea of not true to the above listed violation. The Government elected to proceed on this violation, and presented the testimony of U.S. Probation Officer Susan H. Budjenska. The Defense called no witnesses.

Officer Budjenska testified that she was concerned about Defendant drinking in excess. Subsequent contacts with Mr. Robinson verified that he had been drinking alcohol to excess but believed that it was okay, as long as he did not drive intoxicated. The U.S. Probation Officer became concerned about Defendant's drinking and placed him in drug aftercare counseling to address his excessive use of alcohol. It was requested he sign a waiver to have his conditions modified to include abstinence from alcohol, but Defendant decline to signed. On cross examination, Defendant's counsel asked Officer Budjenska if Defendant agreed to completely abstain from drinking alcohol, to which she replied, "No." Further, he asked if she could define what "consuming alcohol in excess" meant, to which also replied, "No."

2

She did explain, however, it was the continual presence of empty beer and alcohol containers that caused her concern for the Defendant.

After hearing the testimony, the Court found that sufficient evidence existed to modify the Defendant's conditions of supervised release.

### RECOMMENDATION

The Court recommends that the District Court modify Defendant's supervised release. The Court recommends that Defendant not drink alcohol in excess. Excess is defined by blood or breath alcohol level more than .06.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

Signed this ____ day of October, 2006.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

3